[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2010
JOHN LEY
CLERK

_____

No. 10-13257
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cr-00041-RS-LB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACEY STEMBRIDGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 27, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Stacey Stembridge appeals his sentence of 87 months of imprisonment for

conspiracy to distribute and possession with intent to distribute more than 500

grams of cocaine. 21 U.S.C. § 841(b)(1)(B)(ii). Stembridge argues that his sentence is unreasonable. We affirm.

Stembridge argues that his sentence is procedurally unreasonable because the district court failed to consider whether he was entitled to a reduction of sentence for his substantial assistance, but this argument lacks merit. The district court "may depart from the guidelines . . . [u]pon motion of the government stating that the defendant has provided substantial assistance," and the comments to the provision state that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance." U.S. Sentencing Guidelines Manual § 5K1.1 & cmt. n.3 (2009). The government did not move for Stembridge to receive a lesser sentence and, when the district court discussed the matter with the parties, the government stated that Stembridge "did not qualify" for the reduction because he did not "cooperate[] [until] after [he was] in federal custody." The district court determined that a sentence "at the top of the guideline range was necessary because Stembridge's "Criminal History Category under-represent[ed] the seriousness of his criminal history" and that "[a] lower sentence would not be sufficient." See United States v. Irey, 612 F.3d 1160, 1194–95 (11th Cir. 2010) (discussing Rita v. United States, 551 U.S. 338, 358, 127 S. Ct. 2456, 2469 (2007)). The district court did not commit a procedural error in sentencing

Stembridge.

We **AFFIRM** Stembridge's sentence.